**SEALED BY ORDER OF THE COURT**

UNSEALED BY ORDER OF THE COURT
DATE: 2/17/2026, see ECF No. 5, MC 26-00010 SASP-KJM

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Jan 31, 2024, 3:49 pm
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>Defendants. | Case No.1:22-cr-00048-TMB-WRP<br><br>ORDER ON TANAKA'S SEALED RESPONSE TO GOVERNMENT'S SEALED NOTICE AND REQUEST FOR SEALED STATUS CONFERENCE<br><br>**\*\*FILED UNDER SEAL\*\*** |

On January 31, 2024, the Court *sua sponte* construed Tanaka's emailed request as a motion for leave to file its "Response To Government's Under Seal Notice And Request For Sealed Status Conference; Exhibit 1; Certificate Of Service" ("Response") under seal pursuant to Hawaii Local Criminal Rule ("Local Rule") 5.2(b) and granted the request to file the Response under seal ("Sealed Order").[1]

**The Court will take no further action on the Response** due to procedural deficiencies noted in the Sealed Order and detailed below.

---

[1] Dkt. 359 (Sealed Order).

**Status Conference:** Tanaka's Response requests a "sealed status conference."[2] Local Rule 16.7 directs that status conferences "may be scheduled . . . upon request of any party after consultation with all other parties." The Court further directs that **parties seeking a status conference must properly file a motion for a status conference** comporting with the briefing requirements of Local Rule 12.2(b), setting forth "the relevant facts."

**Continuance:** Tanaka's Response also "respectfully asks that the Court continue the trial date, or in the alternative to sever her trial from that of her co-defendants and hold it at a later date."[3] Continuances are governed by Local Rule 2.1(b), which states: "The parties [seeking a continuance] shall submit any stipulation to continue the trial date to the district judge. A stipulation to continue trial will include: a new trial date and related deadlines as approved by the district judge's staff . . . and, if necessary, an accompanying exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161. The district judge has the discretion to require a motion rather than a stipulation." Here, the **Court directs that any party seeking a continuance must properly file a motion to continue.** Motions to continue trial must also comport with the briefing requirements articulated in Local Rule 12.2(b).

---

[2] Dkt. 360 (Tanaka's Sealed Response) at 1.
[3] *Id.* at 5.

**Multi-Defendant Cases:** If a motion to continue has been filed and parties cannot agree to a continuance, Local Rule 2.2 Special Rules Regarding Motions to Continue in Multi-Defendant Cases requires that **"each party shall indicate its position in writing no later than three (3) business days after the filing of the motion to continue, or no later than 12:00 p.m. on the working day prior to the hearing** if a hearing is scheduled, whichever is earlier."

**Severance:** The Court further directs that any party seeking severance must properly file a motion to sever. Pursuant to Local Rule 12.2(b), such a motion must contain "the relevant facts, supported by declarations, legal authority, arguments, and the remedy sought." Local Rule 12.2(b) further requires that "[m]otions and oppositions fifteen (15) pages or longer shall include a table of contents and table of authorities." Pursuant to Local Rule 12.2(c), "[a]ny party not opposing a motion shall file a statement of no opposition within the time provided for responding to the motion." Further, pursuant to Local Rule 12.4, without leave of court and showing of good cause, "any substantive joinder in a motion or opposition must be filed and served within three (3) days of the filing of the motion or opposition joined," including "clearly indicating" when "a party seeks the same relief sought by the movant." **Combined requests for various forms of relief made without a proper motion and lacking citation to legal authority will be rejected.**

**Any expedited motion should clearly be identified as such**, and the Court "will set briefing schedules and necessary hearings on motions that must be addressed on an expedited basis."[4]

THEREFORE, the Sealed Response shall not be construed as a properly filed motion and thus no further action is required. If the parties wish to place a request before the Court, they must do so with a proper motion served on all parties pursuant to the applicable Local Rules.

Nevertheless, the Court will *sua sponte* set a Trial Status Conference for 9:30 AM on February 6, 2024, under separate order.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 31st day of January, 2024.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[4] Local Rule 12.2(a)(2).